# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

|  |  |
|---|---|
| KNIGHT'S TOWING, INC. a Domestic Montana Profit Corporation, JOSHUA BARBAGELLO, individually, and JOELLEN BARBAGELLO, individually, | **Case No. CV-24-01-H-BMM** |
| Plaintiffs, | **ORDER** |
| v. |  |
| KP TRANSPORT LLC, aka FUEL EXPRESS, LLC, |  |
| Defendant. |  |

## INTRODUCTION

Plaintiffs Knight's Towing, Inc., Joshua and Joellen Barbagello ("Knight's Towing" or "Barbagellos" respectively) filed this action against KP Transport ("KP") for economic damages, emotional and general damages, and costs and disbursements. (Doc. 1.) KP filed a motion for partial summary judgment on the alleged lost income and emotional distress damages suffered individually by Barbagellos. (Doc. 21.) Barbagellos concede they do not have a claim for lost income but maintain their claim for emotional distress. (Doc. 34.)

## FACTUAL BACKGROUND

The parties were involved in a motor vehicle accident north of Helena, Montana on January 5, 2022. (Doc. 1 at 3.) The accident involved a tow truck ("tow

truck") owned by Knight's Towing and a freightliner ("semi") owned by KP. Both vehicles were driving northbound on Interstate 15. The KP owned semi moved into the passing lane and attempted to pass Knight's Towing's tow truck. (Doc. 34 at 2-3.) Knight's Towing's tow truck travelled off the roadway and sustained damages. (*Id*. at 3.) Knight's Towing employee Seth Harrison operated the tow truck at the time of the accident. (*Id*.) Knight's Towing's owners, Joellen Barbagello and Joshua Barbagello, were not present at the accident. (*Id*.) Knight's Towing and the Barbagellos assert damages for economic and emotional loss. (Doc. 1. At 4-5.)

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

## DISCUSSION

Barbagellos concede that they assert no personal claims for lost income related to the accident. (Doc. 22 at 2.) The Court addresses only Barbagellos' claim for emotional distress damages. (*Id*.) KP argues that Montana law precludes recovery of damages for emotional distress related to purely economic loss. (*Id*. at 6-7, citing *Childress v. Costco Wholesale Corp.,* 493 P.3d 314, 318. (Mont. 2021))

2

KP contends that Barbagellos' alleged loss of property falls outside the narrow exception allowing recovery of emotional damages for injury to property. (Doc. 22 at 5.)

The Montana Supreme Court has a long history of carving out rules and exceptions for when a party may recover damages for emotional distress. *See Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 223, 896 P.2d 411, 419 (1995) (collecting cases). The Court seeks to determine how the Montana Supreme Court would rule given the unique set of circumstances here. Generally, the "proscription against recovery for emotional injury when the underlying harm is economic is nearly universal." *Maloney v. Home & Inv. Ctr., Inc.*, 994 P.2d 1124, 1136 (Mont. 2000).

Barbagellos first must overcome the fact that their alleged emotional distress stems entirely from alleged economic losses suffered by their corporate entity Knight's Towing. "As a general rule stockholders may not sue upon a cause of action belonging to their corporation whether in their own names or in the name of the corporation itself." *Malcom v. Stondall Land Co.*, 284 P.2d 258, 260, (1955). The Montana Supreme Court confirmed the general prohibition on individual shareholders who control all the stock of the corporation being allowed to disregard the corporate entity and sue as individuals on the corporation's cause of action. *Id.*, at 260.

The Montana Supreme Court in *Moats Trucking Co. v. Gallatin Dairies, Inc.*, specifically addressed the issue of whether shareholders in a corporation could recover emotional distress damages related to economic losses allegedly suffered by the corporation. 753 P.2d 883, 885 (Mont. 1988). Lloyd Moats and his wife, Lucille, incorporated their trucking business. Lloyd and Lucille Moats were the directors and sole stockholders. The Montana state district court disallowed evidence of emotional distress to be presented based on the general rule that shareholders could "not sue upon a cause of action belonging to their corporation." *Id.*

The Montana Supreme Court declined to allow a "reverse piercing of the corporate veil" that would permit Lloyd and Lucille Moats to bring an action for emotional distress in their personal capacities. The Montana Supreme Court recognized that such reverse piercing of the corporate veil for the benefit of the shareholders would allow persons who have incorporated to invoke the corporate entity only when it would be to their advantage. *Id.* Shareholders controlling all the shares in a corporation "do not have the right to pursue an action on their own behalf when the cause of action accrues to the corporation." *Id.* (*citing Malcom*, 284 P.2d at 260).

Barbagellos concede that Knight's Towing is a corporation registered with the Secretary of the State of Montana. (Doc. 34 at 4.) It remains undisputed that Knight's Towing owned the damaged tow truck and that Barbagellos owned all the shares in

4

their corporate entity Knight's Towing. (Doc. 34 at 2 and 4.) Barbagellos seek to overcome this bar to the "reverse piercing of the corporate veil," *Moats Trucking Co.*, 753 P.2d at 885, by arguing that Knight's Towing "is a Family-Owned Business and as a practical matter, does not function like a corporation." (Doc. 34 at 4.) Knight's Towing cites to no case or statute that permits "reverse piercing of the corporate veil" when the corporation functions as a family business for purposes of seeking emotional distress damages for loss of personal property.

Even if Barbagellos could overcome the restriction of reverse piercing of the corporate veil, they seek to recover emotional distress damages for loss of personal property. The Montana Supreme Court in *Maloney* applied an exception to this "nearly universal" prohibition to the recovery of emotional distress damages for loss of property. 994 P.2d at 1136. The plaintiffs in *Maloney* sought emotional distress damages parasitic to their claim for loss of use and enjoyment of real property after a real estate agent sold the parcel adjacent to their property to a third party despite a written commitment from the seller to first offer the property to them. *Id.*

*Maloney* reasoned that the loss of "the use and enjoyment of land[,]" involved a unique property interest that qualified for emotional distress damages. *Id.*, at 1137. The Montana Supreme Court supported this exception for real property based on the unique facts of the case. The plaintiff landowners testified that they were devastated when the adjacent property they had been promised was wrongfully sold to someone

5

else and later re-sold for almost six times what the plaintiffs may have paid for it themselves. The plaintiffs had sought to purchase a neighboring parcel from their current home to build their retirement home. The defendant's realtor instead had sold the property out from under them. *Id.*, at 1129. The plaintiffs "painfully" watched as a home was built "on the precise location where they envisioned their own retirement home would rest[.]" *Id.*, at 1137.

As such, the plaintiffs "were not developers in search of investment property to buy, improve, and then sell for purely economic gain." *Id.* The plaintiffs had formed a subjective relationship with the property on a "personal-identity" level. *Id.* It should have been clearly foreseeable by the realtor that "compensable emotional distress would arise from the tortious interference" with the plaintiffs' rights to the property in question. *Id.; see generally*, Margaret Jane Radin, *Property and Personhood*, 34 Stan. L. Rev. 957, 1002-1008 (1982) (distinguishing purely economic and fungible property loss—for which courts are reluctant to award emotional distress damages given how easily the property may be replaced—from nonfungible, personal and identifying property loss—which is not readily replaceable, leaving courts more open to emotional distress damages). The Montana Supreme Court determined that the "the shock worry, anger, disappointment, and frustration [plaintiffs] have suffered and will experience in the future" warranted recovery for emotional distress. *Maloney*, 994 P.3d at 1137.

The Montana Supreme Court, more recently in *Romo v. Shirley*, reaffirmed the notion that interference with the use and enjoyment of real property and related damages provided grounds for recovering emotional distress damages. 522 P.3d 401, 413 (Mont. 2022). The Montana Supreme Court emphasized that "emotional distress damages, as a matter of law, are not appropriate in all tort cases," but recognized that exceptions existed and that these exceptions were fact dependent. *Id.* at 411. The land-owner farmers had entered contracts with a shareholder corporation to grow more than 10,000 acres of hemp. The contracts contained a "minimum acre guaranty" promising $100 per acre once farmers had planted the hemp seed. The contracts called for the farmers to receive a second once the farmers successfully had raised, harvested, and baled the hemp. For this second payment, the farmers were to be paid $500 per dryland acre or $700 per irrigated acre. The farmers received the hemp seed in early summer 2018 and planted it. The farmers eventually received the initial seeding payments in late August 2018.

The farmers raised, swathed, and dried a successful crop of hemp that contained more than 6,600 bales over the summer and fall of 2018. The farmers accordingly expected their second payments of $500 per dryland acre and $700 per irrigated acre. The defendants never paid. The hemp bales deteriorated as winter came and slowly rotted in the farmers' fields. Some Farmers testified that they were unable to properly clothe and feed their children after having invested time and land

into the hemp crop but receiving no payment,. Several Farmers testified to the distress of having to drive past rotting stacks of bales at the edge of their property. Some Farmers lost portions of their family farms and others lost leases and equipment.

The land-owner farmers in *Romo* had established a "decades long connection with the land" and the intention to "pass their family farms on to their children." When the shareholder corporation breached the agreement with the land-owning farmers and the land began to deteriorate and rot, the farmers "were distressed by viewing the effects on their land and became disillusioned with being landowners." *Id*. at 412. The Montana Supreme Court also recognized that farmers "were not corporate entities interested only in a profit for shareholders," which is another important distinction long recognized as a bar against emotion distress damages. *Id*.

Barbegellos claim to stand in similar circumstances to the farmers in *Romo*. (Doc. 34, citing *Romo v. Shirley,* 522 P.3d 401, 413 (Mont. 2022)). Barbagellos argue that like the farmers in *Romo*, they intend to pass their family-owned business to the next generation. Unlike the farmers in *Romo*, however, Barbagellos chose to structure Knight's Towing as a corporation for a variety of possible reasons, including to shield themselves from personal liability, for potential tax advantages that accrue to corporations, and other reasons about which the Court will not speculate.

8

Barbagellos are the sole shareholders of Knight's Towing. Knight's Towing owns the damaged tow truck. Barbagellos' decision to adopt the corporate form to operate their family business comes with consequences. Those consequences include the inability to pursue an action on their own behalf when the cause of action accrues to the corporation. *Moats Trucking*, 753 P.2d at 885 (*citing Malcom*, 284 P.2d at 260). The Court rejects Barbagellos' request to allow "reverse piercing of the corporate veil" to recover emotional distress damages based on the loss of personal property to Knight's Towing. *Moats Trucking Co*. at 885. Barbagellos stand separate and apart from Knight's Towing and should not be allowed to recover for emotional distress based on losses suffered by Knight's Towing.

And unlike the farmers in *Romo*, Barbagellos seek emotional distress damages for the loss of *personal* property rather than real property. The Montana Supreme Court in *Childress v. Costco Wholesale Corp.*, addressed for the first time emotional distress damages for injury to personal property or chattel. 493 P.3d 314, 317 (Mont. 2021). The Montana Supreme Court noted that beyond damage to the use and enjoyment of land, Montana law also had allowed recovery for emotional distress for discrimination and civil right violations, bad faith and insurance fraud under the Montana Unfair Trade Practice Act, and wrongful death. *Id*. at 316. (citing *Maloney v. Home & Inv. Ctr., Inc.*, 994 P.2d 1124 (Mont. 2000) (real property); *Vortex Fishing Sys. v. Foss*, 38 P.3d 836 (Mont. 2001) (discrimination); *Jacobsen v. Allstate*

*Ins. Co.*, 215 P.3d 649 (Mont. 2009) (bad faith); *Dawson v. Hill & Hill Truck Lines*, 671 P.2d 589, 594 (Mont. 1983) (wrongful death).

The plaintiffs in *Childress* sought to recover emotional distress damages for loss of personal items taken from their car when a Costco employee mistakenly had given the key to someone claiming to be the owner. 493 P.3d 314, 317. The stolen items included a handgun, ammunition, a house key, and documents containing their home address. The Montana Supreme Court concluded that the plaintiffs were unable to show a subjective relationship with the property loss on a "personal identify" level as identified in *Maloney*. *Id.* at 318. (citing *Maloney v. Home & Inv. Ctr., Inc.*, 994 P.2d 1124 (Mont 2000)). The plaintiffs further failed to show that the personal property was so "intrinsically intertwined in the family dynamic" that loss would trigger irreparable harm to the personal identity. *Childress* at 318 (quotations added). The Montana Supreme Court upheld the notion that emotion damages cannot be recovered for loss to "fungible property whose value is derived from its utility, not for its intrinsic value." *Id.* (quotations added).

Barbagellos allege nothing unique about the damaged tow truck owned by Knight's Towing. The Court assumes that the tow truck would be considered "fungible property" of value to Knight's Towing, and in turn, to Barbagellos for its utility in operating the towing business. As the Montana Supreme Court has recognized, "some degree" of emotional distress is common in virtually all wrongs.

10

*Id*. at 316 (citing *Sacco v. High Country Indep. Press, Inc.*, 896 P.2d 411, 426 (1995)). The distress felt by Barbagellos for the economic losses to Knight's Towing and their tow truck does not warrant recovery for emotional damages. Barbagellos no doubt experienced hardship when relying on assurances by KP that their tow trucks would be fixed in a timely manner. Barbagellos' alleged damages qualify as economic in nature. The appropriate recovery for damages to the tow truck owned by Knight's Towing would be through damages other than emotional distress to the shareholders of Knight's Towing. KP's motion for summary judgment should be granted.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Partial Summary Judgment (Doc. 20.) is **GRANTED**.

2. Barbagellos are precluded from recovering lost income and emotional distress damages.

**DATED** this 3rd day of March, 2025.

Brian Morris, Chief District Judge
United States District Court